COLLINS v. NORTH CAROLINA PAROLE COMMISSION

[118 N.C. App. 544 (1995)]

───────

THOMAS E. COLLINS, ADMINISTRATOR OF THE ESTATE OF JUDY DIANNE COLLINS, PLAINTIFF (TA-10219); THOMAS E. COLLINS, INDIVIDUALLY, PLAINTIFF (TA-11510) v. NORTH CAROLINA PAROLE COMMISSION, DEFENDANT

No. 9410IC675

(Filed 18 April 1995)

State § 39 (NCI4th)— negligence action—parole of prisoner— allegations of gross negligence—outside Industrial Commission's jurisdiction

The Industrial Commission did not err by dismissing plaintiff's claims against the North Carolina Parole Commission where plaintiff was wounded and his wife killed by a prisoner on parole.

COLLINS v. NORTH CAROLINA PAROLE COMMISSION

[118 N.C. App. 544 (1995)]

The Tort Claims Act is in derogation of sovereign immunity and must be strictly construed and followed as written and may not be enlarged beyond the meaning of its plain and unambiguous terms. Assuming that plaintiff sued defendant's members in their official capacities as required by the Act, the Act allows a suit against the State only for ordinary negligence in the forum of the Industrial Commission and plaintiff alleged gross negligence and wanton, reckless and malicious conduct, something more than ordinary negligence. N.C.G.S. § 143-291(a).

**Am Jur 2d, Municipal, County, School and State Tort Liability §§ 649-651.**

Appeal by plaintiff from Opinion and Order for the Full Commission filed 23 March 1994. Heard in the Court of Appeals 22 March 1995.

*Griffin & Wilson, P.A., by Michael H. Griffin, for plaintiff-appellants.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General E. H. Bunting, Jr., for the State.*

GREENE, Judge.

Thomas E. Collins (plaintiff), individually and as administrator of the estate of Judy Dianne Collins (Mrs. Collins), appeals from an order filed 23 March 1994 for the North Carolina Industrial Commission (Industrial Commission) by James J. Booker (Commissioner Booker), adopting the decision and order of Deputy Commissioner Charles Markham (the Deputy Commissioner) to deny and dismiss plaintiff's claims against the North Carolina Parole Commission (defendant).

The facts are as follows: In July 1973, Karl DeGregory (DeGregory) received two life sentences after being charged and convicted in Mecklenburg County Superior Court of two counts of first degree murder. DeGregory became eligible for parole in December 1979 which was denied. After subsequent petitions and denials for parole, defendant approved the Mutual Agreement Parole Program (MAPP) for DeGregory in March 1983, and after reviewing a psychological evaluation, letters of recommendation, and prison reports, defendant released DeGregory under MAPP on 13 August 1984.

On 22 May 1985, DeGregory came to the home of plaintiff and his wife, Mrs. Collins, in Conway, South Carolina. DeGregory and Mrs. Collins were related. After entering plaintiff's residence, DeGregory shot and wounded plaintiff and left the residence with Mrs. Collins. On 23 May 1985, the bodies of DeGregory and Mrs. Collins were found in a motel room in Myrtle Beach, South Carolina. The police report indicated DeGregory shot Mrs. Collins in the head and then killed himself.

On 15 April 1987, plaintiff filed affidavits pursuant to N.C. Gen. Stat. §§ 143-291, -297 (1993), individually and as the administrator of Mrs. Collins' estate, with the Industrial Commission supporting claims for damages under the Tort Claims Act against defendant for its alleged negligence in releasing DeGregory for parole and in its subsequent supervision of DeGregory after he was released. Plaintiff filed a motion to amend his affidavits, and on 9 August 1991, Deputy Commissioner Richard B. Ford filed an order allowing plaintiff to amend his affidavits.

On 28 July 1992, plaintiff filed two amended affidavits, one in his individual capacity and one as the administrator of Mrs. Collins' estate. Both affidavits provided in pertinent part:

Plaintiff files this claim . . . against [defendant], its former members, including former Chairman Walter T. Johnson, Joe H. Palmer, and Joy J. Johnson and their agents, employees and servants for damages resulting from:

A. Said commission's wanton, reckless, malicious and grossly negligent decision to grant Parole to Karl DeGregory, a convicted murderer with a history of mental problems.

B. Said commission, its agents, employees, servant's wanton, reckless, malicious, grossly negligent and negligent breach of duty to control Karl DeGregory while DeGregory, a convicted murderer with a history of mental problems, was on parole. . . .

In light of DeGregory's multiple convictions of first degree murder, involvement in other Florida murders and history of mental problems, said decision by the said committee of [defendant] was wanton, reckless, grossly negligent and malicious in that it was contrary to what persons of reasonable intelligence would know, by virtue of reading the reports on DeGregory, to be their duty and was in disregard of the public's safety.

Plaintiff also alleged defendant "remained in ultimate control over" DeGregory, "had a duty to control and supervise DeGregory," and "breached said duty to control DeGregory by wantonly, recklessly, maliciously, grossly negligently, and negligently failing to revoke DeGregory's parole or otherwise re-incarcerate DeGregory when the face of the supervision reports compiled on DeGregory" and made available to defendant showed DeGregory had violated the terms of his parole on several occasions.

By order filed 17 December 1992, the Deputy Commissioner denied and dismissed plaintiff's claims individually and as administrator of Mrs. Collins' estate, and plaintiff appealed to the full Industrial Commission. By order filed 23 March 1994, the full Industrial Commission by Commissioner Booker, adopted the Deputy Commissioner's decision and order "as that of the Full Commission." The Industrial Commission, among other reasons, dismissed and denied plaintiff's claims because his allegations that the Commission panel's actions were wanton, willful, malicious, or reckless conduct or gross negligence constituted allegations beyond the scope of the Tort Claims Act, and "to award damages for same is beyond the power of the Industrial Commission."

The issue presented is whether the Industrial Commission has jurisdiction to hear plaintiff's claims under the Tort Claims Act which allows actions for negligence against State officers where plaintiff's only allegations are that members of the Parole Commission engaged in actions that were wanton, reckless and malicious and that amounted to gross negligence.

Under the doctrine of sovereign immunity, the State is immune from suit "unless it consents to be sued," and because a suit against public officials "in their official capacities is considered a suit against the State, sovereign immunity also protects these individuals from suit." *Hawkins v. State*, 117 N.C. App. 615, 628-29, 453 S.E.2d 233, 241 (1995). Under the Tort Claims Act, the State has consented to direct suits arising "as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority" and provided that the forum for such direct suits is the Industrial Commission rather than the State courts. N.C.G.S. § 143-291(a); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 329, 293 S.E.2d 182, 185 (1982). If the Industrial Commission finds "such negligence" on the part of a state officer, employee, involuntary servant or agent, and no

contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted, the Industrial Commission determines the amount of damages to be awarded. N.C.G.S. § 143-291(a).

Assuming plaintiff has sued defendant's members in their official capacities as required by the Tort Claims Act, the Industrial Commission does not have jurisdiction to adjudicate plaintiff's claims. N.C.G.S. § 143-291(a) (Industrial Commission not given jurisdiction to adjudicate claims against public officers in their individual capacities). The Tort Claims Act is in derogation of sovereign immunity and must be strictly construed and followed as written. *Watson v. North Carolina Dep't of Correction*, 47 N.C. App. 718, 722, 268 S.E.2d 546, 549, *disc. rev. denied*, 301 N.C. 239, 283 S.E.2d 135 (1980); *Bailey v. North Carolina Dep't of Mental Health*, 2 N.C. App. 645, 649, 163 S.E.2d 652, 655 (1968). The scope of the Tort Claims Act may not be enlarged beyond the meaning of its plain and unambiguous terms. *Alliance Co. v. State Hosp.*, 241 N.C. 329, 332, 85 S.E.2d 386, 389 (1955). Based on these principles which we apply in construing the language of the statute, the Tort Claims Act allows a suit against the State only for ordinary negligence in the forum of the Industrial Commission.

Plaintiff alleges in his affidavits and brief, however, that the actions of defendant's members did not constitute ordinary negligence; rather, he asserts "(1) that the initial decision to grant parole to Karl DeGregory was of such gross negligence as to be malicious, wanton, reckless and grossly negligent," and "(2) that the supervision and control of DeGregory after he had been released on parole including the omission to revoke DeGregory's parole or otherwise incarcerate DeGregory was grossly negligent, wanton, reckless and malicious." Without deciding whether gross negligence is something less than wanton conduct or whether it is wanton conduct, *see Cowan v. Brian Ctr. Mgmt. Corp.*, 109 N.C. App. 443, 448-49, 428 S.E.2d 263, 266 (1993) (defining gross negligence as something less than wanton conduct and including absence of even sight care, indifference to rights and welfare of others in context of wrongful death statute); *Bullins v. Schmidt*, 322 N.C. 580, 583, 369 S.E.2d 601, 603 (1988) (defining gross negligence as wanton conduct demonstrating conscious and reckless disregard for rights of safety of others in context of statute governing police officers' standard of care when engaged in pursuits by vehicle), plaintiff's allegations of gross negligence and wanton, reckless and malicious conduct assert a claim for something more than ordinary negligence. Therefore, the Industrial

Commission does not have jurisdiction to hear and award damages on plaintiff's claims. For these reasons, the decision of the Industrial Commission dismissing and denying plaintiff's claims is

Affirmed.

Judges LEWIS and MARTIN, MARK D., concur.