STEPHENS, Judge.
 

 Defendant North Carolina Department of Health and Human Services ("DHHS") appeals the North Carolina Industrial Commission's order denying DHHS's motion to dismiss an action brought by J.D., through her guardian
 
 ad litem
 
 Michael Patrick ("Plaintiff"), pursuant to the North Carolina State Tort Claims Act, N.C. Gen.Stat. §§ 143-291 to -300.1A (2007). DHHS asserts that Plaintiff's claim is barred by public official immunity. We disagree and affirm the Industrial Commission's order.
 

 I. BACKGROUND
 

 On 25 August 2006, Plaintiff filed an affidavit of claim in the Industrial Commission pursuant to the Tort Claims Act. Because this appeal is before us on DHHS's motion to dismiss, we treat the factual allegations in Plaintiff's affidavit as true.
 
 Hunt v. N.C. Dep't of Labor,
 

 348 N.C. 192
 
 ,
 
 499 S.E.2d 747
 
 (1998). In the affidavit, Plaintiff alleged that on 23 August 2001, a physician reported to Wake County Department of Social Services ("DSS") social worker John Godwin ("Godwin") a case of suspected child sexual abuse. At that time, Maria Spaulding ("Spaulding") was DSS's director, and John Webster ("Webster") and V. Anderson King ("King") were DSS supervisors. According to the physician, James McDaniel Webb ("Webb") contacted the physician's office seeking to be castrated because Webb was having inappropriate sexual thoughts about J.D., a twelve-year-old girl. The physician gave Godwin J.D.'s and Webb's names and Webb's address and telephone number. On 24 August 2001, DSS opened an investigation regarding the physician's report and reported the matter to the Fuquay-Varina police department, "which was in fact the wrong police jurisdiction." On 25 August 2001, DSS discovered that it had contacted the wrong police department, but did not contact the proper authorities. On 26 August 2001, Godwin conducted a home visit and interviewed Webb and J.D. Godwin learned that Webb was single and did not have legal custody of J.D. Webb told Godwin that he was in the process of adopting J.D. Godwin did not report his findings to Lori Bryant ("Bryant"), a DSS social worker assigned to the case. On 28 August 2001, a second physician contacted DHHS caseworker Gwen Horton ("Horton") concerning suspected sexual abuse of J.D. by Webb. Horton provided the information she received from the physician to DSS. In January 2002, DSS closed its investigation as unsubstantiated. From October 2001 through January 2003, Webb repeatedly sexually assaulted J.D. In January 2003, Webb was arrested and charged with numerous counts of sexual assault.
 

 In the affidavit, Plaintiff asserted that DHHS was negligent "through its agents and employees" in failing to properly investigate the two reports of suspected child abuse and that DHHS was negligent in failing to implement adequate policies and procedures for the investigation of reports of suspected abuse.
 
 [1]
 
 On 21 November 2006, DHHS filed
 
 *173
 
 its motion to dismiss based on public official immunity. On or about 13 March 2007, Deputy Commissioner George T. Glenn, II, of the Industrial Commission, denied DHHS's motion. DHHS appealed to the Full Commission. In an order filed 21 September 2007, the Full Commission affirmed Deputy Commissioner Glenn's order. DHHS appealed the Full Commission's order to this Court.
 
 See Summey v. Barker,
 

 142 N.C.App. 688
 
 , 689,
 
 544 S.E.2d 262
 
 , 264 (2001) ("Orders denying dispositive motions based on public official's immunity affect a substantial right and are immediately appealable.") (citation omitted).
 

 II. ANALYSIS
 

 The sole issue presented by this appeal is whether the Full Commission erred when it concluded that public official immunity does not bar Plaintiff's claim.
 

 The essence of the doctrine of public official immunity is that public officials engaged in the performance of their governmental duties involving the exercise of judgment and discretion, and acting within the scope of their authority, may not be held liable for such actions, in the absence of malice or corruption.
 

 Price v. Davis,
 

 132 N.C.App. 556
 
 , 562,
 
 512 S.E.2d 783
 
 , 787 (1999) (citation omitted);
 
 Meyer v. Walls,
 

 347 N.C. 97
 
 ,
 
 489 S.E.2d 880
 
 (1997). Under the Tort Claims Act, "[o]nly actions against state departments, institutions, or state agencies are authorized." Charles E. Daye & Mark W. Morris,
 
 North Carolina Law of Torts
 
 § 19.43.1.1, at 358 (2d ed.1999).
 
 See also
 
 N.C. Gen.Stat. § 143-291(a) (2007) ("The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.");
 
 Meyer,
 

 347 N.C. at 105
 
 ,
 
 489 S.E.2d at 884
 
 ("[T]he Tort Claims Act does not confer jurisdiction in the Industrial Commission over a claim against an employee of a state agency."). Because public official immunity only applies to claims brought against public officials in their individual capacities, and because the Tort Claims Act only confers jurisdiction in the Industrial Commission over claims brought against State agencies, the doctrine of public official immunity does not bar Plaintiff's claim in this case.
 

 Plaintiff's claim in this case is factually indistinguishable from the plaintiff's claim in
 
 Gammons v. N.C. Dep't of Human Res.,
 

 344 N.C. 51
 
 ,
 
 472 S.E.2d 722
 
 (1996). In
 
 Gammons,
 
 the plaintiff filed an affidavit in the Industrial Commission pursuant to the Tort Claims Act alleging that DHHS - then known as the Department of Human Resources - failed "to properly supervise the Cleveland County Department of Social Services in the provision of child protective services."
 
 Id.
 
 at 52,
 
 472 S.E.2d at 722
 
 . DHHS moved to dismiss the plaintiff's claim on the ground that neither Cleveland County nor its Department of Social Services were agents of DHHS. This Court affirmed the Commission's denial of DHHS's motion to dismiss. The Supreme Court affirmed this Court, stating that
 

 there exists a sufficient agency relationship between [DHHS] and the Cleveland County Director of Social Services and his staff such that the doctrine of
 
 respondeat superior
 
 is implicated. It follows therefore that because [DHHS] may be liable, the Industrial Commission has jurisdiction under the Tort Claims Act to determine [DHHS's] liability for alleged negligence of the Cleveland County Director of Social Services and his staff while acting within the scope of their obligation to assure that the county's citizens are "properly protected and minimally cared for when those citizens are dependent upon others[.]"
 

 Id.
 
 at 64,
 
 472 S.E.2d at 729
 
 (citation omitted). Although the Supreme Court did not discuss the doctrine of public official immunity in
 
 Gammons,
 
 we find the Court's reasoning instructive in reaching the proper outcome in this case.
 

 *174
 
 We do not, however, find instructive the cases principally relied upon by DHHS in its brief to this Court:
 
 Hobbs v. N.C. Dep't of Human Res.,
 

 135 N.C.App. 412
 
 ,
 
 520 S.E.2d 595
 
 (1999), and
 
 Collins v. N.C. Parole Comm'n,
 

 344 N.C. 179
 
 ,
 
 473 S.E.2d 1
 
 (1996),
 
 aff'g on other grounds
 

 118 N.C.App. 544
 
 ,
 
 456 S.E.2d 333
 
 (1995). The plaintiff in
 
 Hobbs
 
 filed a complaint in Wake County Superior Court against,
 
 inter alia,
 
 six county social workers in their individual capacities. This Court held that county social workers are public officials and thus "`cannot be held individually liable for damages caused by mere negligence in the performance of their governmental or discretionary duties[.]'"
 
 Hobbs,
 

 135 N.C.App. at 422
 
 ,
 
 520 S.E.2d at 603
 
 (quoting
 
 Meyer,
 

 347 N.C. at 112
 
 ,
 
 489 S.E.2d at 888
 
 ). Plaintiff's action in the case at bar, although based on the alleged negligence of Spaulding, Webster, King, Godwin, Bryant, and Horton, was brought in the Industrial Commission against DHHS, not in superior court against Spaulding, Webster, King, Godwin, Bryant, and Horton in their individual capacities. DHHS's reliance on
 
 Hobbs
 
 is misplaced.
 

 In
 
 Collins,
 
 the plaintiff brought an action in the Industrial Commission against the North Carolina Parole Commission and three of its former members. Plaintiff alleged that the former members were grossly negligent in granting parole to an inmate, Karl DeGregory, and in supervising DeGregory while he was on parole. The plaintiff further alleged that while DeGregory was on parole, he entered plaintiff's home, shot plaintiff, abducted and shot plaintiff's wife to death, and killed himself. The Industrial Commission dismissed plaintiff's claims, concluding that (1) plaintiff did not prove that the Parole Commission was negligent in placing DeGregory on parole; (2) as public officials, the former members of the Parole Commission were immune from suit for negligence for actions taken in the course of their official capacities; and (3) Parole Commission employees were not negligent in supervising DeGregory while he was on parole. This Court affirmed the Industrial Commission's decision on the ground that the Tort Claims Act waived the State's sovereign immunity only for ordinary negligence, and plaintiff alleged more than ordinary negligence.
 
 118 N.C.App. 544
 
 ,
 
 456 S.E.2d 333
 
 .
 

 The Supreme Court affirmed this Court's decision on other grounds. In a concise opinion, the Supreme Court only addressed the Industrial Commission's ruling that, as public officials, the former members of the Parole Commission were immune from suit. The Court stated that "[t]he defendants were undoubtedly acting within the scope of their official authority when they granted parole to DeGregory and refused to revoke his parole[,]" 344 N.C. at 183,
 
 473 S.E.2d at 3
 
 , invoked the doctrine of public official immunity, and concluded that the Industrial Commission properly dismissed plaintiff's claim. The Supreme Court in
 
 Collins
 
 did not hold, as DHHS suggests, that no action may be brought under the Tort Claims Act against DHHS on allegations that a county department of social services, through its social workers, negligently failed to investigate reports of suspected child abuse or failed to implement adequate policies and procedures for the investigation of such reports.
 

 Finally, we find DHHS's interpretation of the language of the Tort Claims Act unavailing. Pursuant to the Act,
 

 [t]he Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina,
 
 if a private person,
 
 would be liable to the claimant in accordance with the laws of North Carolina.
 

 N.C. Gen.Stat. § 143-291(a) (emphasis added). In other words, "[t]he state may be liable if, under the circumstances, a private person would be liable." Daye & Morris,
 
 North Carolina Law of Torts
 
 § 19.43.1.1.2, at 361. DHHS, however, interprets the above-emphasized language to mean that "since [Spaulding, Webster, King, Godwin, Bryant, and Horton] cannot be sued directly (as private persons), the State of North Carolina cannot be sued based on allegations of their negligence." DHHS misinterprets the statute.
 

 *175
 
 The emphasized language merely serves to effectuate one of the Tort Claims Act's two purposes: waiving sovereign immunity.
 
 See Teachy v. Coble Dairies, Inc.,
 

 306 N.C. 324
 
 ,
 
 293 S.E.2d 182
 
 (1982) (stating the two effects of the Tort Claims Act).
 

 Because the doctrine of public official immunity does not apply to the case at bar, the order of the Industrial Commission is affirmed.
 

 AFFIRMED.
 

 Judges STEELMAN and GEER concur.
 

 On the same day Plaintiff filed the affidavit in the Industrial Commission, Plaintiff also filed a complaint against DSS, Spaulding, Webster, and King in Wake County Superior Court on similar allegations. In
 
 Patrick v. Wake Cty. Dep't of Human Servs.,
 
 ___ N.C.App. ___,
 
 655 S.E.2d 920
 
 (2008), this Court affirmed the superior court's grant of summary judgment in favor of the DSS defendants.