STEELMAN, Judge.
 

 Where the clear and unambiguous language of defendant's insurance policy defined "damages" to include interest as authorized by North Carolina statutory law, the trial court erred in concluding that interest on plaintiffs' judgment was prohibited by North Carolina case law.
 

 *593
 

 I. Factual and Procedural Background
 

 On 14 February 2006, Antwan Bynum, the minor plaintiff, was a student in the fifth grade at Benvenue Elementary School. On that date, he was on a swing in the playground of the school when the swing's chain broke, causing Antwan to fall to the ground and sustain injuries. On 19 December 2006, Antwan and his mother, Anita Bynum (hereinafter, plaintiffs) commenced an action against defendant, the Nash-Rocky Mount Board of Education, seeking monetary damages based upon the alleged negligence of defendant. The action was tried before a jury on 24 March 2008. The jury found defendant to have been negligent, awarded the minor plaintiff the sum of $160,000.00 and awarded his mother the sum of $6,385.35 for medical bills incurred on behalf of the minor plaintiff. The trial court held that an award of pre and post judgment interest against defendant was prohibited and denied plaintiffs' request to award interest on the judgment. Plaintiffs appeal.
 

 II. Pre-Judgment and Post-Judgment Interest
 

 In plaintiffs' sole argument on appeal, they contend that the trial court erred in refusing to award interest on the judgment against defendant. We agree.
 

 Under the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity. Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity. An action against a commission or board created by statute as an agency of the State where the interest or rights of the State are directly affected is in fact an action against the State.
 

 Meyer v. Walls,
 

 347 N.C. 97
 
 , 104,
 
 489 S.E.2d 880
 
 , 884 (1997) (internal citations omitted). Defendant is a local board of education as defined in N.C. Gen.Stat. § 115C-5(5) (2007). N.C. Gen.Stat. § 115C-42 (2007) provides that a local board of education may waive governmental immunity from liability for damage caused by the torts of its employees acting within the course of their employment upon the purchase of insurance. However, "such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort." N.C. Gen.Stat. § 115C-42.
 

 In the instant case, defendant participated in a risk management program known as the North Carolina School Boards Trust ("NCSBT"). Defendant and NCSBT entered into a Trust Fund Agreement, that provided coverage for claims filed between 1 July 2006 and 1 July 2007 for incidents occurring after 1 July 1986, and was applicable to the incident that was the subject of this suit. The term damages was defined in the Agreement as "a monetary judgment (including pre-judgment and post-judgment interest awarded on any monetary judgment pursuant to North Carolina statutory law) ..."
 

 The Trust Fund Agreement constitutes a waiver of defendant's immunity to the extent of coverage provided by its terms. The clear and unequivocal language of the Agreement establishes that this waiver includes interest on a judgment to the extent that such interest is authorized by North Carolina statutory law. The statutory authority for such interest is provided by N.C. Gen.Stat. § 24-5, which states that "[i]n an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." N.C. Gen.Stat. § 24-5(b) (2007).
 

 We hold that under the terms of the policy, plaintiffs are entitled to recover interest. The procurement of this policy constitutes a waiver of any immunity as to the payment of interest on the judgment. In the instant case, the coverage limits provided for in the Trust Fund Agreement are sufficient to cover the judgment against defendant, plus any interest applicable under N.C. Gen.Stat. § 24-5(b). We therefore reverse the order of the trial court and remand for the entry of an order requiring the computation of interest on plaintiffs' judgment.
 

 REVERSED.
 

 Judges CALABRIA and STROUD concur.