***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Special Deputy Commissioner Taylor and the assignments of error and/or briefs before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Decision and Order of Deputy Commissioner Taylor and enters the following Decision and Order.
 ***********
Plaintiff filed a Tort Claims Affidavit on June 6, 2008, alleging that on August 5, 1991, he was indicted on several criminal offenses; that on March 12, 1993, he pled to lesser included offenses; that subsequently, the Clerk of Superior Court of Cumberland County incorrectly completed the sentencing form, causing him to be serving a longer sentence than he should have *Page 2 
received pursuant to the Court's judgment. Plaintiff alleged damages in an amount in excess of $10,000.00.
Defendant filed motions to dismiss asserting that Plaintiff's claim is barred by public official immunity, judicial immunity, lack of subject matter jurisdiction, and failure to allege specific acts of negligence committed by a specific state employee. A hearing was held before Special Deputy Commissioner Taylor on Defendant's motions to dismiss only. At the hearing Plaintiff clarified that he intended to file his negligence claim against the Cumberland County Clerk of Superior Court and the Cumberland County District Attorney in their capacity as state employees (or agents) of the Administrative Office of the Courts.
N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State of North Carolina based on negligence. The Tort Claims Act does not confer jurisdiction in the Industrial Commission over a claim against an individual or a county agency. Wirth v. Bracey, 258 N.C. 505, 128 S.E.2d 810 (1963).
With respect to Defendant's Motion to Dismiss based on public official immunity, the Full Commission finds that Plaintiff's claim is not barred by the doctrine of public official immunity. The doctrine of public official immunity provides that public officials engaged in the performance of their governmental duties involving the exercise of judgment and discretion, and acting within the scope of their authority, may not be held personally liable for such actions, in the absence of malice or corruption. Price v. Davis, 132 N.C.App. 556, 562,512 S.E.2d 783, 787 (1999) (citation omitted); Meyer v. Walls, 347 N.C. 97,489 S.E.2d 880 (1997). Because public official immunity applies to claims brought against public officials in their individual *Page 3 
capacities, and because the Tort Claims Act only confers jurisdiction in the Industrial Commission over claims brought against State agencies, the doctrine of public official immunity does not bar Plaintiff's claim herein because Plaintiff's Affidavit
alleges a claim against the Administrative Office of the Courts, not individual Defendants. Patrick v. North Carolina Dept. of Health andHuman Services, 666 S.E.2d 171, (N.C.App. Sep 16, 2008), (No. COA 07-1515).
Defendant also asserted in their written Answer and Motion to Dismiss that Plaintiff's claim should be dismissed on several other grounds, including lack of subject matter jurisdiction; however, these additional grounds were not argued at the hearing. Based on the current record, the Full Commission is unable to determine if good grounds exist to grant Defendant's additional motions to dismiss.
The Full Commission concludes that the North Carolina Industrial Commission has jurisdiction over this claim.
IT IS THEREFORE ORDERED that Defendant's motion to dismiss based on public official immunity is denied. Defendant's additional motions are held in abeyance until decided by a Deputy Commissioner at an evidentiary hearing. Either party may request a hearing.
No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the ___ day of May 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING: *Page 4 
S/_____________ DIANNE C. SELLERS COMMISSIONER
S/_______________ STACI T. MEYER COMMISSIONER