* * * * * * * * * * *
The Full Commission has reviewed the prior order based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the Order Denying Defendant's Motion to Dismiss. The Full Commission AFFIRMS the order of the Deputy Commissioner.
 * * * * * * * * * * * PROCEDURAL HISTORY
On August 25, 2006, plaintiff filed an Affidavit alleging negligence on the part of defendant North Carolina Department of Health and Human Services ("DHHS"), specifically, that defendant is vicariously liable for the negligence of the named agents regarding the *Page 2 
provision of child protective services, resulting in injury to plaintiff. Plaintiff alleges that the negligent individuals employed by defendant are: Gwen Horton, a DHHS caseworker; Maria Spaulding, director of the Wake County Department of Social Services ("Wake County DSS"); John Webster and V. Anderson King, supervisors with Wake County DSS; and Lori Bryant and John Goodwin, social workers with Wake County DSS.
On November 21, 2006, defendant filed a Motion to Dismiss and Answer to Plaintiff's Affidavit and Complaint, and a Motion to Stay Discovery. Specifically, defendant plead the doctrine of Public Official Immunity as the basis for one of its motions to dismiss. On December 21, 2006, Commissioner Bernadine S. Ballance filed an Order referring the case to a Deputy Commissioner for hearing on defendant's motions and for further disposition of all other matters. On February 26, 2007, Deputy Commissioner George T. Glenn II heard defendant's Motion to Dismiss based on the doctrine of Public Official Immunity. In an Order filed on March 13, 2007, Deputy Commissioner Glenn denied defendant's Motion to Dismiss.
 * * * * * * * * * * *
After careful review, the Full Commission finds that the March 13, 2007 Order Denying Defendant's Motion to Dismiss based upon the doctrine of Public Official Immunity was correct in that the doctrine is inapplicable to actions filed against the State and its agencies.
In Gammons v. North Carolina Dept. of Human Resources, 344 N.C. 51,472 S.E.2d 722 (1996), the Supreme Court held that, as in Vaughn v. NorthCarolina Dept. of Human Resources, 296 N.C. 683, 252 S.E.2d 792 (1979), the employees of the Cleveland County Department of Social Services were acting as agents of the Department of Human Resources in their provision of protective services and that the Industrial Commission had jurisdiction over the action under the Tort Claims Act. In the case at bar, like in Gammons, the Commission has jurisdiction over *Page 3 
plaintiff's claim for negligence resulting from the provision of protective services by DHHS and Wake County DSS.
The only claim authorized by the Tort Claims Act is a claim against a State agency. Any recovery is based upon the actionable negligence of an employee of such agency while acting within the scope of his employment. The Act does not allow individual claims against either public officials or public employees. Public Official Immunity is a defense against suit in an individual capacity only, since a public official may not be held personally liable when engaged in the performance of governmental duties involving the exercise of judgment and discretion. Meyer v. Walls,347 N.C. 97, 489 S.E.2d 880 (1997). Because Public Official Immunity applies only to cases in which the individual defendant is being sued directly in his individual capacity, and because the Tort Claims Act confers jurisdiction to the Industrial Commission only over State agencies and their employees acting in their official capacities, it follows that the doctrine of Public Official Immunity does not and cannot apply to actions brought under the Tort Claims Act.
Plaintiff has stated a valid claim against the State under the Tort Claims Act for negligence in the provision of protective services and defendant's defense under the doctrine of Public Official Immunity does not apply. Meyer v. Walls, supra; Gammons v. North Carolina Dept. ofHuman Resources, supra.
Therefore, defendant's Motion to Dismiss is hereby DENIED. The Commission hereby REMANDS this matter to Chief Deputy Commissioner Stephen Gheen for assignment to a Deputy Commissioner to conduct an evidentiary hearing on the merits of the case.
No costs are assessed at this time.
 This 17 day of September, 2007. *Page 4 
 S/______________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
S/______________________ BUCK LATTIMORE CHAIRMAN
S/______________________ DIANNE C. SELLERS COMMISSIONER