LARRY TABOR, AMANDA TABOR, HENRY ALVIN TABOR, AND NORMA JEAN TABOR, PLAINTIFFS v. COUNTY OF ORANGE, ORANGE COUNTY HEALTH DEPARTMENT, ORANGE COUNTY PLANNING DEPARTMENT, DAVID HECHT IN HIS CAPACITY AS ENVIRONMENTAL HEALTH SPECIALIST OF THE ORANGE COUNTY HEALTH DEPARTMENT, DEFENDANTS

No. COA02-423

(Filed 4 February 2003)

**1. Appeal and Error— appealability—interlocutory order— denial of summary judgment—substantial right—sovereign immunity**

Although defendants' appeal from the partial denial of summary judgment is an appeal from an interlocutory order, appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review.

2. **Immunity— sovereign—approval or denial of septic tank permits—governmental function**

The trial court erred in a negligent misrepresentation case concerning whether certain property was suitable for supporting a septic tank for a mobile home by denying defendants' motion for summary judgment on the basis of sovereign immunity, because the function of approving or denying septic tank permits is a governmental function.

Appeal by defendants from order entered 21 February 2002 by Judge Wade Barber, Superior Court, Orange County. Heard in the Court of Appeals 7 January 2003.

*Steffan & Associates, P.C., by Kim K. Steffan for plaintiffs.*

*Womble Carlyle Sandridge & Rice, PLLC, by Mark A. Davis and Tamara P.W. Desai for defendants.*

WYNN, Judge.

In North Carolina, the doctrine of sovereign immunity generally bars actions against governmental entities and public officers for acts arising out of their performance of governmental functions. The plaintiffs brought the subject action alleging that defendants negligently misrepresented whether certain property was suitable for supporting a septic tank for a mobile home. Because we hold that the function of approving or denying septic tank permits is a governmental function, we reverse the trial court's denial of summary judgment, and remand for entry of summary judgment in favor of defendants.

The underlying facts to this appeal show that Larry Tabor and his wife, Amanda, wanted to subdivide their property in Orange County and place a mobile home on the property for their parents, Henry Alvin Tabor and his wife Norma Jean. Before embarking upon the approval process with the Orange County Planning Department, the Tabors submitted an improvement permit application to the Orange County Health Department for a determination of whether the soil could support another septic system. David Hecht, an Environmental Health Specialist for the Orange County Health Department, conducted the site evaluation. The results of Mr. Hecht's analysis are in dispute. Whereas the Tabors contend Mr. Hecht represented the septic tank permit would be approved, the governmental-entity defendants contend Mr. Hecht informed them he would need certain information from the survey before a determination could be made.

Nevertheless, the Tabors continued with their plans by starting the approval process with the planning department, constructing a road, and buying a mobile home for the property. The planning department sent a letter to the Tabors containing a list of preconditions for the approval of their minor subdivision application, which included the approval of the final plat by the Orange County Health Department. Afterwards however, the Health Department denied their application giving rise to this action against defendants for negligent misrepresentation. In response, defendants claimed sovereign immunity and on their motion for summary judgment, the trial court dismissed all claims except for the Tabors' negligent misrepresentation claim. Defendants appeal.

[1] As an initial matter, we note defendants' appeal of the order partially denying summary judgment is interlocutory. However "appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Reid v. Town of Madison*, 137 N.C. App. 168, 170, 527 S.E.2d 87, 89 (2000). Accordingly, defendants' appeal is properly before this court.

[2] "As a general rule, the doctrine of governmental, or sovereign, immunity bars actions against, *inter alia*, the state, its counties, and its public officials sued in their official capacity." *Messick v. Catawba County, North Carolina*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493 (1993). "This doctrine applies where the entity sued is being sued for the performance of a governmental, rather than a proprietary, function." *Id.* "It is inapplicable, however, where the state has consented to suit or has waived its immunity through the purchase of liability insurance." *Messick*, 110 N.C. App. at 714, 431 S.E.2d at 493-94. "Absent consent or waiver, the immunity provided by the doctrine is absolute and unqualified." *Messick*, 110 N.C. App. at 714, 431 S.E.2d at 494.

Plaintiffs have not alleged defendants consented to suit or waived their immunity. Therefore, for plaintiffs' suit to proceed, defendants must have been engaged in a proprietary, rather than a governmental, function. *See Clark v. Burke Cty.*, 117 N.C. App. 85, 450 S.E.2d 747 (1994) (explaining that "absent an allegation to the effect that immunity has been waived, the complaint fails to state a cause of action against the county"); *Hickman v. Fuqua*, 108 N.C. App. 80, 83, 422 S.E.2d 449, 451 (1992) (stating "governmental immunity does not apply when the municipality engages in a proprietary function"). Indeed, on appeal, plaintiffs contend that defendants are not entitled

to the benefits of sovereign immunity because they engaged in proprietary functions rather than governmental functions.

The test for determining whether an activity is governmental or proprietary is "if the undertaking of the municipality is one in which only a governmental agency could engage, it is governmental in nature. It is proprietary and 'private' when any corporation, individual, or group of individuals could do the same thing." *Hickman*, 108 N.C. App. at 83, 422 S.E.2d at 451. Plaintiffs argue that although permit approval or denial may be governmental, the specific duties performed by sanitarians, including those outlined in N.C. Gen. Stat. § 130A-336 et seq., should be classified as proprietary because a fee was charged and because private soil scientists could advise whether the soil is suitable for a septic system. We disagree.

Plaintiffs stated goal was to obtain an opinion as to whether a permit for septic tank installation would be approved by the county health department prior to making any changes to their property; thus, the present lawsuit for negligent misrepresentation arises out of defendants' alleged opinion as to whether the permit would be approved. Our legislature has vested the Department of Health and Human Services via the local boards of health with the authority to approve and regulate wastewater systems, including septic tank systems. See N.C. Gen. Stat. § 130A-334 et seq. (2001); *EEE-ZZZ Lay Drain Co. v. North Carolina Dept. of Human Resources*, 108 N.C. App. 24, 28, 422 S.E.2d 338, 341 (1992), *overruled on other grounds by Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997) (recognizing the local health departments as the agencies responsible for approving or rejecting improvement permits and regulating sanitary sewage systems). Thus, we conclude that the function of approving or denying permits for septic tank systems is a governmental function. Accordingly, plaintiffs' misrepresentation claim against the subject defendants is barred by sovereign immunity. *See City of Winston-Salem v. Yarbrough*, 117 N.C. App. 340, 349, 451 S.E.2d 358, 365 (1994) (holding that sovereign immunity applies to the tort of negligent misrepresentation).

Reversed and remanded.

Judges BRYANT and GEER concur.