KEYSTONE BUILDERS RESOURCE GROUP, INC., and LR-DEVELOPMENT-CHARLOTTE, LLC, f/k/a LOCKRIDGE DEVELOPMENT COMPANY, LLC, Plaintiffs
v.
THE TOWN OF INDIAN TRAIL, THE TOWN COUNCIL FOR THE TOWN OF INDIAN TRAIL, and THE PLANNING BOARD FOR THE TOWN OF INDIAN TRAIL, Defendants.
No. COA07-1416
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
James, McElroy & Diehl, P.A., by John R. Buric and Preston O. Odom, III, for plaintiffs-appellees.
Cranfill, Sumner & Hartzog, LLP, by Jaye E. Bingham and Ryan D. Bolick, for defendants-appellants.
CALABRIA, Judge.
The Town of Indian Trail, the Town Council for the Town of Indian Trail and the Planning Board for the Town of Indian Trail (collectively, "defendants") appeal from an order of the trial court denying defendants' motion for summary judgment. We affirm.
The Funderburk Trust and The Funderburk Family Trust ("the Trusts") collectively owned approximately 201.82 acres ("the property") located within defendants' jurisdiction. Keystone Builders Resource Group, Inc. and LR-Development-Charlotte, LLC, f/k/a Lockridge Development Company, LLC ("Keystone/Lockridge" or "plaintiffs") entered into a contract to purchase the property. Plaintiffs intended to develop a planned unit development ("the proposed PUD") on the property, consisting of single-family homes, town homes, condominiums, and businesses.
In February of 2004, Jon Perdue ("Mr. Perdue"), a representative of plaintiffs, presented the proposed PUD to the Planning Board for the Town of Indian Trail ("the Planning Board"). After reviewing plaintiffs' proposed PUD, the Planning Board requested that plaintiffs change the proposed PUD, to include the installation of a road through a subdivision located in the proposed PUD ("the revised PUD"). The road subsequently would be dedicated to the North Carolina Department of Transportation. Plaintiffs relied upon the Planning Board's representations that the revised PUD would be approved and therefore submitted an application for a special use permit ("the permit") for the revised PUD.
The Town Council for the Town of Indian Trail ("the Town Council") provisionally approved the text amendment for the revised PUD and included a sunset provision that the amendment would lapse at the completion or cancellation of the revised PUD. In late 2004, the Town Council issued a moratorium that prevented the acceptance of plans for PUDs after 1 January 2005. The Planning Board reviewed the revised PUD and voted not to recommend the revised PUD to the Town Council. On 22 February 2005, the Town Council subsequently held a meeting and denied plaintiffs' application for the permit to construct the revised PUD. Plaintiffs filed a petition for certiorari in Union County Superior Court. The Honorable Gary Locklear ("Judge Locklear") entered an order ("the order") granting the permit on 8 February 2006. The Town Council unsuccessfully sought to challenge the order, and the permit was issued to plaintiffs on 5 April 2007.
However, plaintiffs' option to purchase the property expired on 28 September 2005, and plaintiffs did not purchase the property pursuant to the initial terms. Therefore, during the interim between Judge Locklear's order granting the permit and the issuance of the permit in 2007, plaintiffs purchased the property at a price substantially higher than the initial purchase price.
On 24 August 2005, plaintiffs filed a complaint against defendants alleging claims for fraud and misrepresentation; tortious interference with contractual relations; unfair or deceptive practices; and punitive damages. The complaint also alleged that defendants had purchased insurance and participated in a risk pool and therefore waived the defense of sovereign immunity. On 31 October 2005, defendants filed an answer, denying liability and pleading several affirmative defenses including, inter alia, the defense of governmental and sovereign immunity. Defendants also asserted a Rule 12(b)(6) motion to dismiss plaintiffs' claims for unfair and deceptive practices and tortious interference with contractual relations, and against plaintiffs' request for punitive damages. On 15 September 2006, the Honorable W. David Lee granted defendants' motion to dismiss the punitive damages and unfair and deceptive acts claim, but denied defendants' motion to dismiss the claim for tortious interference with contractual relations.
On 29 May 2007, defendants filed a motion for summary judgment and a motion to amend the answer. On 27 June 2007, the Honorable John L. Holshouser, Jr. ("Judge Holshouser") entered an order denying defendants' motion for summary judgment. Defendants appeal.

I. Standard of Review
On appeal, defendants' sole argument is that the trial court erred in denying their motion for summary judgment because plaintiffs' claims were barred by sovereign immunity. Before we address the merits of defendants' argument, we note that defendants appealed the denial of their motion for summary judgment. As a general rule, the denial of a summary judgment motion is interlocutory "and not immediately appealable unless it affects a substantial right." Wilson v. Watson, 136 N.C. App. 500, 501, 524 S.E.2d 812, 813 (2000). However where a "defendant is claiming sovereign immunity as a complete defense, it can immediately appeal the order per N.C. Gen. Stat. § 7A-27(d)(1) (2005)." Craig v. New Hanover Board of Education, ___ N.C. App. ___, ___, 648 S.E.2d 923, 924-25, (September 4, 2007) (No. COA07-80) (citation omitted), cert. granted, disc. review denied, 362 N.C. 234, 659 S.E.2d 439 (2008). "Where the appeal from an interlocutory order raises issues of sovereign immunity, such appeals affect a substantial right sufficient to warrant immediate appellate review."Satorre v. New Hanover Cty. Bd. of Comm'rs, 165 N.C. App. 173, 175, 598 S.E.2d 142, 144 (2004). Since defendants argue plaintiffs' claims are barred by sovereign immunity, their appeal is immediately reviewable. We now address the merits of the appeal.
"The standard of review for summary judgment is de novo." Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). "Summary judgment is appropriate if `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" Id. at 523-24, 649 S.E.2d at 385 (quoting N.C.R. Civ. P. 56(c)). "The evidence must be considered `in a light most favorable to the non-moving party.'"McCutchen v. McCutchen, 360 N.C. 280, 286, 624 S.E.2d 620, 625 (2006)(quotation omitted).

II. Sovereign Immunity
On appeal, defendants argue no genuine issue of material fact exists because plaintiffs' claims are barred by sovereign immunity, and defendants have not waived that immunity. Specifically, defendants argue that they are entitled to immunity because plaintiffs' allegations concern their exercise of a government function. We first note that while defendants assert the defense of sovereign immunity on appeal, they appear to essentially argue the defense of governmental immunity, rather than sovereign immunity. "Under the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity. Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity." Meyer v. Walls, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997) (citations omitted). However, "[t]hese immunities do not apply uniformly. The State's sovereign immunity applies to both its governmental and proprietary functions, while the more limited governmental immunity covers only the acts of a municipality or a municipal corporation committed pursuant to its governmental functions." Evans v. Housing Auth. of City of Raleigh, 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004) (citations omitted).
In the instant case, defendants argue they have immunity regarding plaintiffs' claims because plaintiffs' claims concern the Planning Board's review of plaintiffs' PUD, the Planning Board's request for plaintiffs to install a road, and the Town Council's decision not to allow plaintiffs' request for a permit. As such, all of these actions by defendants constitute a governmental function, and defendants are entitled to immunity unless they have waived the immunity. Since defendants' actions in this case concern the consideration and denial of special use permits under a zoning ordinance, we conclude the defendants' actions constitute a governmental, and not a proprietary, function. See Tabor v. County of Orange, 156 N.C. App. 88, 91, 575 S.E.2d 540, 543 (2003) (concluding that "the function of approving or denying permits for septic tank systems is a governmental function"). As such, defendants' argument falls under the purview of governmental immunity and not sovereign immunity. We now determine whether defendants are entitled to immunity against plaintiffs' claims.
Plaintiffs argue the trial court properly denied defendants' motion for summary judgment because a genuine issue of material fact exists as to whether defendants purchased insurance and therefore waived the immunity. Defendants argue that the Town of Indian Trail purchased a policy of insurance, but the policy specifically excludes coverage for the claims asserted by plaintiffs. Therefore, defendants have not waived immunity.
In the instant case, plaintiffs' claims against defendants are for fraud and tortious interference with contractual relations. As such, all of plaintiffs' claims against defendants are tort claims. "Under the common law, a municipality is not liable for the torts of its employees committed while performing a governmental function." Edwards v. Akion, 52 N.C. App. 688, 691, 279 S.E.2d 894, 896 (1981) (citations omitted). However, N.C. Gen. Stat. § 160A-485(a) (2007) has established that municipalities may waive governmental immunity by purchasing liability insurance, participating in a local government risk pool, or both:
(a) Any city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance. Participation in a local government risk pool pursuant to Article 23 of General Statute Chapter 58 shall be deemed to be the purchase of insurance for the purposes of this section. Immunity shall be waived only to the extent that the city is indemnified by the insurance contract from tort liability. No formal action other than the purchase of liability insurance shall be required to waive tort immunity, and no city shall be deemed to have waived its tort immunity by any action other than the purchase of liability insurance.
Id.
Moreover, defendants have the burden of showing the insurance policy does not provide coverage regarding plaintiffs' tort claims. See McKoy v. Coker, 174 N.C. App. 311, 313-14, 620 S.E.2d 691, 693 (2005) ("It is defendants' burden to show that no genuine issue of material fact exists that the policy does not cover [the plaintiffs'] actions in the instant case.").
In the case sub judice, when viewing the evidence in the light most favorable to the non-moving party, the plaintiffs, the evidence shows that plaintiffs, in their complaint, alleged that defendants waived immunity through purchasing insurance for their wrongful actions and participating in a risk pool. Defendants, in their answer, admitted in paragraph number 29, "that the Town of Indian Trial [] purchased and [has] in effect a policy of insurance which may provide certain coverage to [d]efendants, and has waived governmental immunity by the purchase of said insurance to the extent not excluded by any deductible, retention or any other policy exclusion." Furthermore, on 25 May 2006, defendants filed a motion to amend their answer, but chose not to amend paragraph 29 of their answer. At the summary judgment motion hearing, Judge Holshouser noted the significance of defendants' decision not to amend paragraph 29 of their answer:
[W]hen the answer alleged that there is insurance which may provide coverage, and when I see the amendment [to defendants' answer] getting ready to be filed that tracks that same language that there may be coverage, I do agree with counsel that if there is no coverage on these particular fraud and malicious types of claims, then as to those claims, the[y're] certainly dead on arrival. . . .
. . . .
. . . I would have felt more comfortable if in [defendants'] amendment you would have said there is not a shred of coverage anywhere and this guy is out, slam dunk gone, you see.
. . . .
But I can't determine it at this time because there may be policies that are preexisting the one which is at issue that still may contain coverage.
In addition, defendants' insurance policy, Trident Insurance Services ("the Trident Policy"), acknowledges in the policy itself that defendants may have additional insurance coverage from other policies that could afford defendants the requisite coverage against plaintiffs' tort claims. Specifically, the Trident Policy provides, inter alia, that it does not insure against any "`wrongful act'" committed by the insured if "there is a prior policy or policies which provide insurance for such `wrongful act.'"
Thus, since defendants admitted in their answer that they purchased an insurance policy and that policy acknowledges that defendants could have other insurance policies providing the requisite coverage, we conclude defendants did not meet their burden of showing their insurance policy does not cover the claims that plaintiffs assert against defendants. As such, there existsa genuine issue of material fact regarding whether defendants purchased insurance to provide coverage for the claims plaintiffs assert against defendants, thereby waiving their governmental immunity. Accordingly, this assignment of error is overruled.
The record on appeal includes an additional assignment of error not addressed by defendants in their brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2007), we deem this assignment of error abandoned.
Affirmed.
Chief Judge MARTIN and Judge STROUD concur.
Report per Rule 30(e).