IN RE: LADY KITCHIN BY AND FOR HODGE KITCHIN AND JEAN KITCHIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, PLAINTIFFS v. HALIFAX COUNTY, ET AL., DEFENDANTS

No. COA07-965

(Filed 2 September 2008)

## 1. Appeal and Error— mootness-quarantine dog released

An appeal from a decision of the Halifax County Board of Health to quarantine a dog was moot and there was no need to decide whether the district court had exclusive jurisdiction over appeals from decisions by local boards of health where the dog had been returned home by the time the case was transferred to superior court.

---

IN RE KITCHIN v. HALIFAX CTY.

[192 N.C. App. 559 (2008)]

**2. Courts— transfer from district to superior court—no prejudice**

The trial court did not err by transferring a class action arising from the quarantine of a dog from district to superior court. Assuming arguendo that defendants waived objection to the case pending in the district court, plaintiffs cannot demonstrate prejudice because the proper division is superior court where plaintiffs sought damages in excess of $10,000.00.

**3. Injunctions— mootness—quarantine of dog**

The trial court did not err by dismissing as moot claims for injunctive and declaratory relief arising from the quarantine of a dog where the dog had been returned to plaintiffs and the local board of health's rabies exposure policy had been rescinded.

**4. Class Actions— dismissal—notice requirement—not applicable to dismissal by court**

The trial court did not err by dismissing plaintiffs class action, arising from the quarantine of a dog, where plaintiffs argued that the Rule 23(c) notice requirement applies to dismissals by the trial court as well as to voluntary dismissals. It does not.

**5. Class Actions— dismissal—denied—notice not given**

The trial court did not err by denying plaintiffs' motion to voluntarily dismiss two of their claims in a class action arising from the quarantine of a dog. Plaintiffs did not have the power to voluntarily dismiss any claims without notice to class members.

**6. Counties— quarantine of dog—official capacity defendants—waiver of immunity not alleged—summary judgment**

The trial court did not err by granting summary judgment for defendant county and others in an action arising from a dog quarantine where plaintiffs failed to allege waiver of immunity for the defendants sued in their official capacities. A complaint that does not allege waiver of immunity does not state a cause of action.

**7. Immunity— governmental—quarantine of dog—officials—summary judgment**

The trial court did not err by granting summary judgment for two of the defendants in their individual capacities based on governmental immunity in an action rising from the quarantine of a dog. One was the director of the county health department, the other the Animal Control Lead Officer; both positions were

created by statute, exercised a portion of sovereign power, and exercised discretion. The allegations pertained to the performance of their official duties and did not allege corruption or actions beyond the scope of their duties.

**8. Immunity— governmental—quarantine of dog—employees—summary judgment**

The trial court did not err by granting summary judgment for the director of an animal control facility and an employee of the county health department in their individual capacities in an action arising from the quarantine of a dog. Although these two defendants were public employees rather than officers because neither position was created expressly by statute, and neither position appears to involve the exercise of sovereign power or significant amounts of discretion, there were no issues of material fact, plaintiffs offered only cursory legal support for the arguments, and plaintiffs did not address how the evidence supports the elements of each of their claims.

**9. Appeal and Error— preservation of issue—question not raised at trial**

Plaintiffs did not preserve for appellate review the question of whether they were entitled to attorney fees where the contention was not raised at trial.

Appeal by plaintiffs from order entered 6 March 2007 by Judge Alma L. Hinton in Halifax County Superior Court. Heard in the Court of Appeals 4 March 2008.

*J.W. Bryant, Law Firm, P.L.L.C., by John Walter Bryant, for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr. and Robert T. Numbers, II, for defendant-appellees.*

BRYANT, Judge.

Hodge and Jean Kitchin (plaintiffs) appeal from an order entered 6 March 2007 granting Halifax County's, et. al. (defendants) motion to dismiss, denying plaintiffs' motion to reconsider, and denying plaintiffs' motion for voluntary dismissal.

*Facts*

On 11 December 2005, plaintiff Hodge Kitchin was walking the family dog, Lady, when Lady attacked a raccoon that crossed her

path. After Lady dropped the raccoon, Hodge and Lady returned to the family home. Over three days later, Jean Kitchin, Hodge's wife, read an article about rabid raccoons and became concerned that Lady may have been exposed on 11 December. After Jean contacted local authorities, an animal control officer was eventually sent to the Kitchin's home on 16 December 2005. The officer was unable to locate the raccoon Lady encountered on 11 December and, instead, took Lady into custody for testing. Over the next few days, through contact with the Halifax County Board of Health (HCBH), the Kitchins learned that Lady could not be returned home because of her potential exposure to rabies and that Lady would be euthanized. The Kitchins took immediate action and appealed the decision of the HCBH. On 4 January 2006, the HCBH held a meeting to review the plaintiffs' appeal. On 10 January 2006, plaintiffs' appeal was denied. However, on 10 January, plaintiffs entered into a quarantine agreement with the HCBH allowing Lady to be quarantined outside of the county for six months until 11 June 2006.

## Procedural History

On 30 January 2006, plaintiffs filed a complaint against defendants which contained motions for preliminary and permanent injunctions to prevent Lady's quarantine and for class certification. In the complaint, plaintiffs alleged eight claims for relief: negligence; intentional infliction of emotional distress; negligent infliction of emotional distress; negligent training, supervision, and retention; negligent misrepresentation; breach of fiduciary duty; punitive damages; and declaratory judgment. Plaintiffs also requested to recover from defendants an amount in excess of $10,000.00 for each alleged claim.

On 25 September 2006, defendants made a motion to transfer the case to Halifax County Superior Court. Defendants' motion was granted 30 November 2006. On 7 February 2007, defendants filed a motion to dismiss, motion for summary judgment, and motion to decertify the class. On 10 February 2007, plaintiffs entered notice of voluntary dismissal of two claims—negligent infliction of emotional distress and intentional infliction of emotional distress. Plaintiffs' and defendants' motions were heard on 19 February 2007. In an order entered 6 March 2007, the trial court struck as improper plaintiffs' voluntary dismissal and granted defendants' motions to dismiss and for summary judgment. Plaintiffs appeal.

*Rule Violations*

As an initial matter, defendants have filed with this Court a motion to dismiss plaintiffs' appeal based on rule violations. Specifically, defendants argue plaintiffs' assignments of error violate N.C. R. App. P. Rule 10(c)(1). After reviewing plaintiffs' assignments of error, we do agree plaintiffs did not comply with the North Carolina Rules of Appellate Procedure. However, we decline to dismiss the appeal for rule violations and will address the merits of the appeal. *See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008) ("[A] party's failure to comply with nonjurisdictional rule requirements [i.e. N.C. R. App. P. 10(c)(1)] normally should not lead to dismissal of the appeal.").

---

The issues presented on appeal are: (I) whether the district court has exclusive jurisdiction pursuant to N.C. Gen. Stat. § 130A-24; (II) whether transfer to superior court was waived pursuant to N.C. Gen. Stat. § 7A-258; and (III) whether the trial court erred by (a) dismissing the certified class action lawsuit and (b) granting defendants' motions to dismiss.

*I*

**[1]** Plaintiffs argue the district court has exclusive jurisdiction over an appeal from a local board of health's decision pursuant to N.C. Gen. Stat. § 130A-24. Because we hold plaintiffs' appeal of the Board's decision to quarantine Lady should be dismissed as moot, we need not address this argument.

"Generally, an appeal should be dismissed as moot '[w]hen events occur during the pendency of [the] appeal which cause the underlying controversy to cease to exist.' " *Smith v. Smith*, 145 N.C. App. 434, 436, 549 S.E.2d 912, 914 (2001) (quoting *In re Hatley*, 291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977)). "Whenever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed[.]" *Simeon v. Hardin*, 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994).

In this case, plaintiffs' dog, Lady, was placed under quarantine for six months by the HCBH. During the quarantine period, plaintiffs filed this action on 30 January 2006, which included their individual appeal from the HCBH's decision and the class action claims against defendants. The quarantine period ended 11 June 2006, and Lady was released to plaintiffs' care. Plaintiffs' case, including the class action

claims and the appeal from the HCBH decision, was transferred to Superior Court on 30 November 2006. At the time the case was transferred to Superior Court, plaintiffs' dog had been released from quarantine and returned home. Therefore, plaintiffs' appeal of the HCBH's decision to quarantine Lady was moot at the time the case was transferred and the question whether the district court has exclusive jurisdiction over appeals from decisions by local boards of health need not be decided. As our Supreme Court has stated, "courts will not entertain an action merely to determine abstract propositions of law." *Simeon*, 339 N.C. at 370, 451 S.E.2d at 866. This assignment of error is dismissed.

## II

**[2]** Plaintiffs argue the trial court erred by transferring jurisdiction to Superior Court because defendants waived any objection to the case pending in District Court. We disagree.

Because we have determined that plaintiffs' appeal from the decision of the Board of Health was moot, we address plaintiffs' argument as it applies to the remaining class action claims. Pursuant to N.C. Gen. Stat. § 7A-258(c), "[a] motion to transfer by any party other than the plaintiff must be filed within 30 days after the moving party is served with a copy of the pleading which justifies transfer." *Id.* An order transferring or refusing to transfer is not immediately appealable, but is reviewable only on appeal from a final judgment. N.C. Gen. Stat. § 7A-260 (2007). "If on review, such an order is found erroneous, reversal or remand is not granted unless prejudice is shown." *Id.*

Assuming *arguendo* defendants waived any objection to the case pending in district court as plaintiffs contend, plaintiffs have not and cannot demonstrate they have suffered prejudice as required by N.C.G.S. § 7A-260. Plaintiffs' claim for damages was in excess of $10,000.00. The proper division for the trial of plaintiffs' claims is the Superior Court. N.C. Gen. Stat. § 7A-243 (2007) ("[T]he superior court division is the proper division for the trial of all civil actions in which the amount in controversy exceeds ten thousand dollars ($10,000)."). Therefore, this assignment of error is overruled.

## III

Plaintiffs argue the trial court erred by dismissing the motions for injunctive and declaratory relief, denying their motion to voluntarily dismiss two claims, dismissing the class action, granting summary

judgment on the state law claims, and decertifying the class action. Plaintiffs also argue they are entitled to attorney's fees. We disagree.

### A. Motions for Injunctive and Declaratory Relief

**[3]** Plaintiffs argue the trial court erred by dismissing the motions for injunctive and declaratory relief as moot. We disagree.

As stated previously, a case should be dismissed "[w]henever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue[.]" *Simeon*, 339 N.C. at 370, 451 S.E.2d at 866. Here, plaintiffs' requests for preliminary and permanent injunctions became moot when Lady was returned to plaintiffs' care on 11 June 2006.

Additionally, plaintiffs' request for a declaratory judgment finding the HCBH's Rabies Exposure Policy [r.p. 49, 51] in conflict with the North Carolina General Statutes became moot when the HCBH rescinded the policy on 10 July 2006 [r.p. 329-30]. "Repeal of a challenged law generally renders moot the issue of the law's interpretation or constitutionality." *Property Rights Advocacy Grp. v. Town of Long Beach*, 173 N.C. App. 180, 183, 617 S.E.2d 715, 718 (2005). Therefore, the trial court did not err by dismissing plaintiffs' motions for injunctive and declaratory relief as moot.

### B. Dismissal of Class Action

**[4]** Plaintiffs argue the trial court erred by dismissing their class action lawsuit because notice was not given to members of the class prior to dismissal.[1] We disagree.

Pursuant to N.C. Gen. Stat. § 1A-1, Rule 23(c), notice of dismissal is required to be given to class members prior to a dismissal. N.C.G.S. § 1A-1, Rule 23 (c) (2007). Plaintiffs argue Rule 23(c) not only applies to voluntary dismissals, but also dismissals granted by the trial court. Our Rule 23 is closely patterned after Rule 23 of the Rules of Federal Procedure. Because our state appellate courts have not considered plaintiffs' question before, we may consider federal class action lawsuits that have addressed this question. *Scarvey v. First Fed. Savings & Loan Ass'n*, 146 N.C. App. 33, 41, 552 S.E.2d 655, 660 (2001) ("[W]hile federal class action cases are not binding on this

---

1. Although plaintiffs also argue the trial court erred by decertifying the class, the trial court declined to address defendants' motion to decertify by determining the dismissal and summary judgment rendered defendants' motion moot.

Court, we have held in the past that the reasoning in such cases can be instructive.").

In *Hutchinson v. Fidelity Inv. Ass'n*, 106 F.2d 431 (4th Cir. 1939), the Fourth Circuit addressed an argument identical to plaintiffs'. In construing Rule 23(c) of the Federal Rules of Procedure, the Fourth Circuit reasoned the notice requirement "was never intended . . . [to] be a condition precedent to dismissal by the court after hearing on the merits." *Id.* at 436. The purpose of Rule 23(c) is to ensure that the named plaintiff does not terminate the class action without providing proper notice to other members of the class. *Id. See also Pelelas v. Caterpillar Tractor Co.*, 113 F.2d 629 (7th Cir. 1940). Thus, while Rule 23(c) applies in cases of *voluntary* dismissals, it is not applicable in cases such as the one before us, where the dismissal is by a court. Plaintiffs' assignment of error is overruled.

### C.  Plaintiffs' Voluntary Dismissal

**[5]** Plaintiffs argue the trial court erred by striking their Rule 41 voluntary dismissal of two claims. We disagree.

Plaintiffs' reliance on Rule 41 as allowing voluntary dismissals of claims after a class action has been certified is misplaced. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 41, a plaintiff may dismiss an action "[s]ubject to the provisions of Rule 23(c) and of any statute of this State . . . ." N.C.G.S. § 1A-1, Rule 41 (2007). As noted previously, Rule 23(c) requires "[a] class action shall not be dismissed or compromised without the approval of the judge. In an action under this rule, notice of a proposed dismissal or compromise *shall be given to all members of the class* . . . ." N.C.G.S. § 1A-1, Rule 23(c) (emphasis supplied). *See also Hutchinson*, 106 F.2d at 436 (Rule 23(c) ensures named plaintiff does not dismiss class action without notice to members of the class). Because plaintiffs' case was certified as a class action, plaintiffs did not have the power to voluntarily dismiss any claims without notice to class members as required by Rule 23(c). The trial court did not err in denying plaintiffs' motion to dismiss their claims of intentional and negligent infliction of emotional distress. This assignment of error is overruled.

### D.  Summary Judgment

### Governmental Immunity

**[6]** Plaintiffs argue the trial court erred by granting summary judgment in favor of defendants. Defendants argue the trial court was cor-

rect in granting summary judgment because plaintiffs' complaint failed to allege a waiver of governmental immunity.

"It [is] well-settled that when an action is brought against individual officers in their official capacities the action is one against the state for the purposes of applying the doctrine of sovereign immunity." *Whitaker v. Clark*, 109 N.C. App. 379, 381-82, 427 S.E.2d 142, 143-44 (1993). This doctrine applies where an entity is being sued for the performance of a governmental function. *Tabor v. County of Orange*, 156 N.C. App. 88, 90, 575 S.E.2d 540, 542 (2003). "It is inapplicable, however, where the state has consented to suit or has waived its immunity through the purchase of liability insurance." *Id.* "Absent consent or waiver, the immunity provided by the doctrine is absolute and unqualified." *Id.*

Where a complaint fails to allege that immunity has been waived, the complaint fails to state a cause of action. *Clark v. Burke County*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994). Here, plaintiffs failed to allege waiver of immunity as to the defendants sued in their official capacity. Therefore, the trial court did not err by granting summary judgment in favor of defendants.

### Individual Capacity

[7] Plaintiffs also sued defendants Lynda Smith, Robert Richardson, Jeff Dillard, and Terrell Stallings in their individual capacities. Therefore, we must consider whether the trial court erred by granting summary judgment to them in their individual capacities.

When a governmental worker is sued in his individual capacity, our courts have distinguished between whether the worker is an officer or an employee when assessing liability. *See Block v. County of Person*, 141 N.C. App. 273, 540 S.E.2d 415 (2000). "A public officer is shielded from liability unless he engaged in discretionary actions which were allegedly: (1) corrupt; (2) malicious; (3) outside of and beyond the scope of his duties; (4) in bad faith; or (5) willful and deliberate." *Meyer v. Walls*, 122 N.C. App. 507, 516, 471 S.E.2d 422, 428-29 (1996), *overruled on other grounds*, 347 N.C. 97, 489 S.E.2d 880 (1997) (internal citations omitted). A public employee, on the other hand, "is personally liable for negligence in the performance of his or her duties proximately causing an injury." *Block*, 141 N.C. App. at 281, 540 S.E.2d at 421 (citations omitted).

In determining whether a person is a public officer or a public employee, our Courts have recognized several distinctions.

A public officer is someone whose position is created by the con-
stitution or statutes of the sovereign. An essential difference
between a public office and mere employment is the fact that the
duties of the incumbent of an office shall involve the exercise of
some portion of sovereign power. Officers exercise a certain
amount of discretion, while employees perform ministerial
duties. Discretionary acts are those requiring personal delibera-
tion, decision and judgment; duties are ministerial when they are
absolute, certain, and imperative, involving merely the execution
of a specific duty arising from fixed and designated facts.

*Id.* (citations omitted); *Meyer*, 122 N.C. App. at 516, 471 S.E.2d at 429.

Applying this analysis, we conclude that Smith, as director of
the Halifax County Health Department, is a public officer. Her posi-
tion is created by statute, many of her duties are imposed by law and
she clearly exercises substantial discretionary authority. *See* N.C.
Gen. Stat. § 130A-45.4 (2007). Normally, where a public officer's
alleged negligence "is related solely to his or her official duties,"
the officer is immune from suit in his individual capacity, and any
action must be brought against the officer in his official capacity.
*Robinette v. Barriger*, 116 N.C. App. 197, 203, 447 S.E.2d 498, 502
(1994), *overruled on other grounds, Meyers v. Walls*, 347 N.C. 97, 489
S.E.2d 880 (1997). Here, each of plaintiffs' allegations against Smith
pertain to the performance of duties that were discretionary in nature
and thus within the scope of her official duties. Additionally, plain-
tiffs do not allege that Smith's actions were "corrupt or malicious" or
that she "acted outside of and beyond the scope of [her] duties."
*Block*, 141 N.C. App. at 280, 540 S.E.2d at 421. Therefore, the trial
court did not err by granting summary judgment in favor of Smith in
her individual capacity.

Likewise, we conclude that Richardson, as the Halifax County
Animal Control Lead Officer, is a public officer. The position of ani-
mal control officer is created by statute, N.C. Gen. Stat. § 67-30, and
is given authority to, *inter alia,* impound and euthanize dogs or cats,
N.C. Gen. Stat. § 130A-192 and destroy stray dogs or cats in quaran-
tine districts, N.C. Gen. Stat. § 130A-195. An animal control officer is
a position created by statute, exercises a portion of sovereign power,
and exercises discretion. *See Block*, 141 N.C. App. at 281, 540 S.E.2d
at 421 (distinguishing public official from public employee).
Plaintiffs' allegations against Richardson pertain to the performance
of his duties as an animal control officer and not as an individual.
Additionally, plaintiffs do not allege that Richardson's actions were

"corrupt or malicious" or that he "acted outside of and beyond the scope of his duties." *Id.* at 280, 540 S.E.2d at 421. Therefore, the trial court did not err by granting summary judgment in favor of Richardson in his individual capacity.

**[8]** As to defendants Dillard and Stallings, defendant Dillard is the Director of the Halifax County Animal Control Facility and defendant Stallings is an employee of the Halifax County Health Department. Neither position appears to have been created expressly by statute, and neither position appears to involve the exercise of sovereign power or significant amounts of discretion. Accordingly, we conclude that defendants Dillard and Stallings are public employees, not public officers.

Having concluded that defendants Dillard and Stallings are public employees, we must consider whether summary judgment was properly granted in their favor. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). We must determine "whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). We review the evidence in the light most favorable to the nonmoving party. *Id.* "On appeal, an order allowing summary judgment is reviewed *de novo.*" *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004) (citation omitted).

Viewing the evidence in the light most favorable to plaintiffs, we conclude there are no issues of material fact regarding plaintiffs' claims for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent training, supervision or retention, negligent misrepresentation or breach of fiduciary duty as it applied to Dillard and Stallings. In addition, plaintiffs offer only cursory legal support for the arguments but do not address how the evidence supports the elements of each of their claims. Therefore, we hold the trial court did not err by granting summary judgment in favor of defendants Dillard and Stallings.

## E. Prevailing Parties

**[9]** Lastly, plaintiffs argue they are entitled to recover reasonable attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1 (2007). However,

plaintiffs have failed to properly preserve this argument. Therefore, pursuant to N.C. R. App. P. 10(b)(1), this assignment of error is dismissed. *See* N.C. R. App. P. 10(b)(1) (2007); *Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 159-60, 394 S.E.2d 698, 700 (1990) ("A contention not raised in the trial court may not be raised for the first time on appeal.").

For the foregoing reasons, we affirm in part and dismiss in part.

Affirmed in part; dismissed in part.

Judges WYNN and JACKSON concur.